308 So.2d 548 (1975)
DAYTONA DEVELOPMENT CORPORATION et al., Appellants,
v.
Harold A. BERGQUIST et al., Appellees.
No. 74-9.
District Court of Appeal of Florida, Second District.
February 19, 1975.
Rehearing Denied March 19, 1975.
John S. Wagstaff, Phillips, McFarland, Gould & Korones, Clearwater, for appellants.
William C. Ballard, Baynard, McLeod, Lang & Ballard, St. Petersburg, for appellees.
*549 DAKAN, STEPHEN L., Associate Judge.
Appellants, defendants in the trial court, have appealed a Summary and Final Judgment entered in favor of the appellees quieting title in their favor.
Appellees, owners of two units in Harbour Club Condominium No. 2, Inc., a condominium, brought suit against the appellants seeking to quiet title to the area described in the condominium documents as the "Recreation Unit" or "Recreation Hall." The basic theory of appellees' complaint was that this area was a portion of the common elements of the condominium because of appellant's failure to assign this "unit" a percentage or fractional share of the common elements. The trial court found appellants' procedure void, declared the Recreation Unit a part of the common elements of the condominium, and adjudged appellees to be the owners in fee simple of an undivided interest in the Recreation Unit to the extent of their ownership in the common elements of Harbour Club Condominium No. 2. The trial court also cancelled certain deeds of record concerning the Recreation Unit.
A quiet title action by appellees seems to be the appropriate method to resolve the issues. See, Commodore Plaza at Century 21 Condominium Association, Inc. v. Saul J. Morgan Enterprises, Inc., 301 So.2d 783 (Fla.App.3rd 1974). There also seems to be a little question of the trial court's authority to cancel instruments of record in a quiet title action. See, for example, Cavalier v. Ignas, 275 So.2d 293 (Fla.App.3rd 1973).
In its simplest form, the issue appears to be whether one can create a condominium unit within the provisions of Chapter 711, Florida Statutes, without assigning to the unit a percentage or fractional share of the common elements in the condominium documents.
The condominium documents creating Harbour Club Condominium No. 2 provide, among other things, that the Recreation Unit in question is not to be construed as part of the common elements but is to be titled and ownership thereof to pass "... in accordance with the laws governing the passage of title for Condominium property." The upper, lower and perimetrical boundaries of the Recreation Unit are also set forth in the Declaration of Condominium. The plat or map of the condominium depicts an area labeled "Recreation Hall" (although there is no reference to a "Recreation Unit"). The condominium documents do not, however, assign an interest in the common elements to the Recreation Unit or Recreation Hall. The trial court was of the opinion that this omission was an attempted reservation of a separate condominium ownership interest in the Recreation Unit alone, severed from any interest in the common elements, and was therefore void.
This appears to be the first time this problem has been presented to any Florida appellate court, and there is little decisional law available to aid this court in reaching its decision. The various aspects of condominium law are governed by Chapter 711, Florida Statutes, known as the "condominium act", and the several provisions of that act must be read in pari materai. Vinik v. Taylor, 270 So.2d 413 (Fla.App. 4th 1972).
Section 711.03(13), Florida Statutes, defines a unit as "... a part of the condominium which property is to be subject to private ownership." Section 711.03(4) defines common elements as "... the portions of the condominium property not included in the units." The Declaration of Condominium of Harbour Club Condominium No. 2 adopts these definitions, as well as the definition of a condominium parcel as "a unit together with the undivided share in the common elements which is appurtenant to the unit." See Section 711.03(8), Florida Statutes.
Section 711.04, Florida Statutes, specifically provides that each unit has appurtenant *550 thereto an undivided share in the common elements of the condominium. Section 711.05, Florida Statutes, provides emphatically that the undivided share in the common elements appurtenant to each unit shall not be separated from the unit; that a share in the common elements cannot be conveyed or encumbered except together with the unit; and that the shares in the common elements appurtenant to units shall remain undivided and not subject to action for partition. Reading these sections together, one must reach the inescapable conclusion that all condominium units have an undivided share of the common elements and neither can exist separately from the other.
The steps necessary to legally create a condominium are detailed in Section 711.08. This provides for a declaration to be filed submitting the property described therein to condominium ownership and requiring certain items to be included in this declaration. In addition to a legal description of the land, a survey and plot plan, identification of each unit and other matters, this declaration must include the undivided shares, stated as percentages or fractions, in the common elements which are appurtenant to each of the units. See Section 711.08(1)(f), Florida Statutes. This seems to be as important a requirement as the legal description, name of the condominium, or the statement submitting the condominium property to condominium ownership.
The Declaration of Condominium for Harbour Club Condominium No. 2 attempts to treat the Recreation Unit as any other condominium unit subject to private ownership. The Declaration fails, however, to assign any interest in the common elements to this Recreation Unit. Any reference to the Recreation Unit or Recreation Hall is omitted from that section of the Declaration which states the percentage of the undivided share in the common elements appurtenant to each of the units. The trial court was of the opinion that this omission was a fatal defect in the attempted creation of the "Recreation Unit" as a condominium unit subject to private ownership, and we agree.
Since the judgment on appeal was rendered by the trial court, the condominium act has been substantially revised by the Florida legislature. See Chapter 74-104, Laws of Florida. Although the basic definitions and requirements cited herein were not changed, the amendment does provide for the filing of an amended declaration to correct any scrivener's error which results in a distribution of the shares in the common elements which does not total or exceeds a total equal to one hundred percent. In the case under consideration, however, no contention was made that the omission was a scrivener's error, and in fact, it was strenuously argued that there was nothing in the condominium act which prohibited the omission.
For the foregoing reasons, the final judgment herein is affirmed.
McNULTY, C.J., and HOBSON, J., concur.