361 So.2d 438 (1978)
Leroy RITCHEY and Dorothy Ritchey, Appellants,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., a Delaware Corporation, Appellee.
No. 78-40.
District Court of Appeal of Florida, Second District.
July 19, 1978.
Rehearing Denied August 10, 1978.
William H. Shields and Michael A. Gennaro, of Pavese, Shields, Garner, Haverfield & Kluttz, Fort Myers, for appellants.
Gerald W. Pierce, of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee.
RYDER, Judge.
Appellants Leroy and Dorothy Ritchey decided to sell 500 shares of United Utilities of Kentucky common stock owned by Mr. Ritchey to pay medical expenses. As they *439 were uncertain of the exact value of the stock, Mrs. Ritchey telephoned an employee of appellee, Merrill Lynch, a stock brokerage firm, and inquired whether Merrill Lynch could arrange a sale of the stock. Mrs. Ritchey described the shares to be sold and read the name and type of stock from the certificates to the employee. The employee informed the Ritcheys he would call back the next day on the stock, which he did, and quoted to the Ritcheys the selling price. After a short conference, the Ritcheys agreed to sell at the quoted price and were told by the employee to deliver the certificate to the Merrill Lynch office.
Three days later Mr. Ritchey delivered the certificate to the employee who handed it over to a secretary who, in turn, executed a receipt for the certificate and gave that to Mr. Ritchey. Shortly thereafter, he received a check in the amount of $11,229.74, representing the proceeds of the sale less a broker's commission and tax.
A little over a month passed and the Ritcheys were contacted by a representative of Merrill Lynch seeking a refund of the sale proceeds and offering to return the Ritcheys' stock. Merrill Lynch had contemplated a transaction in Kentucky Utilities common stock instead of one involving the United Utilities of Kentucky common stock delivered by the Ritcheys. The Ritcheys refused.
Thereafter, Merrill Lynch filed suit seeking rescission of the transaction. After answer and affirmative defenses by the Ritcheys, Merrill Lynch moved for a summary judgment. The court granted the motion and ordered rescission of the transaction involved, less an amount in favor of the Ritcheys to offset their expenses.
The Ritcheys appeal contending that a genuine issue of material fact remains to be resolved: viz. whether the mistake was unilateral and a result of lack of due care by Merrill Lynch's employees, thus precluding rescission.
We find that the appellants' contention has merit. Where the existence of a genuine issue of material fact appears in the record, the case must be referred for a proper determination of issues of fact and credibility. Williams v. Caterpillar Tractor Co., 149 So.2d 898 (Fla.2d DCA 1963). A finding that the Ritcheys were not aware of the error and that the mistake was fully due to the inexcusable negligence of Merrill Lynch may preclude the equitable remedy of repayment. Maryland Casualty Co. v. Krasnek, 174 So.2d 541 (Fla. 1965).
The Ritcheys are entitled to an opportunity to present evidence on this issue. Accordingly, the summary judgment is reversed and the case is remanded to the trial court for further proceedings consistent herewith.
GRIMES, C.J., and SCHEB, J., concur.