HOBSON, Acting Chief Judge.
Appellant Merrill Lynch, Pierce, Fenner and Smith, Inc. (Merrill Lynch) was plaintiff below in an action for rescission. Although Merrill Lynch was successful in obtaining rescission of a transaction between the parties, the trial court granted a setoff against appellant’s recovery in the amount of $3,969.23 for the purpose of paying ap-pellees’ attorney’s fees. Merrill Lynch appeals only that portion of the final judgment awarding the setoff for attorney’s fees.
Inasmuch as these parties are before us for the second time, a brief history is in order.[1] Leroy and Dorothy Ritchey telephoned an employee of Merrill Lynch and arranged for the sale of 500 shares of United Utilities of Kentucky common stock. After receiving a quote on the value of the stock from the employee, the Ritcheys delivered the stock certificate to Merrill Lynch and subsequently received a check in the amount of $11,229.74 in connection with the sale of the stock.
The stock actually owned by the Ritcheys was worthless. Merrill Lynch had erroneously contemplated a transaction in Kentucky Utilities common stock instead of United Utilities of Kentucky common stock. When Merrill Lynch discovered its error, it demanded that the funds be returned. The Ritcheys refused and Merrill Lynch instituted a rescission action. In that action, Merrill Lynch obtained a summary judgment which ordered a rescission of the transaction. On appeal, this court reversed, holding that if the Ritcheys were not aware of the error and if the mistake was fully due to the inexcusable negligence of Merrill Lynch, these factors might preclude the equitable remedy of rescission.
On remand, the lower court found that the mistake was not due to Merrill Lynch’s inexcusable neglect. Rescission of the transaction was again decreed but the court granted a setoff against Merrill Lynch’s recovery for the purpose of paying the Rit-cheys’ attorney’s fees.
The Florida Supreme Court stated in Codomo v. Emanuel, 91 So.2d 653, 655 (Fla.1956):
This court is committed to the doctrine that attorneys’ fees cannot be taxed as costs in any cause unless authorized by contract or legislative authority.
We recognize that certain exceptions have been carved from this general rule; however, none of the exceptions apply to the case at bar.[2] Therefore, in the absence of any contractual or statutory mandate, we hold that the trial court erred in allowing a setoff against Merrill Lynch’s recovery for the purpose of paying the Ritcheys’ attorney’s fees.
The portion of the final judgment which ordered rescission of the transaction between the parties is affirmed and that portion which granted the setoff is reversed.
AFFIRMED IN PART; REVERSED IN PART.
GRIMES, J., and BUCK, MORISON, Associate Judge, concur.

. A more complete statement of the facts may be found in Ritchey v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 361 So.2d 438 (Fla.2d DCA 1978).

. Attorney fees may be recoverable in the absence of contract or statute when a fund has been created or brought into court; in actions for wrongful attachment, false imprisonment, malicious prosecution and slander of title. Glusman v. Lieberman, 285 So.2d 29, 31 (Fla. 4th DCA 1973). Attorney fees may be allowed where a partner is forced to bring suit for dissolution of the partnership and an accounting. A. J. Richey Corp. v. Garvey, 132 Fla. 602, 182 So. 216 (1938).