408 So.2d 688 (1982)
William Harry DAVIS, Appellant,
v.
John M. HATHAWAY, Appellee.
No. 81-989.
District Court of Appeal of Florida, Second District.
January 6, 1982.
Law Offices of Peter M. de Manio, P.A., Sarasota, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee.
RYDER, Judge.
William Davis appeals from the final summary judgment adverse to his claim for *689 legal malpractice, alleging the lower court erred in finding no material issues of disputed fact. We agree and reverse.
Appellant Davis sued appellee Hathaway, alleging legal malpractice arising out of representation for the sale of appellant's business. Testimony indicated that appellant retained appellee to be his attorney to represent his interest in the sale of two sole proprietorships, Harry Davis Sprinklers and Charlotte Pipe and Irrigation, to prospective buyers Steinberg and Zitti. Steinberg and Zitti formed two Florida corporations, Charlotte Pipe and Irrigation, Inc. and Harry Davis Sprinklers, Inc., and proposed that Harry Davis Sprinklers, Inc. purchase the two sole proprietorships of Davis.
Appellant testified he had asked appellee to protect him. Appellee prepared a contract for purchase and sale of the business which was rejected by the purchasers, who submitted a contract of their own. Appellee prepared the promissory note. The note was executed by Harry Davis Sprinklers, Inc. as a corporate entity only. No security agreement or financing statement was executed, although at that time the two corporations had no assets. Appellee did add an addendum which provided that the balance of the promissory note became due and payable if the inventory of Harry Davis Sprinklers, Inc. fell below 80% of its value the date of sale, or if the net worth of the two businesses fell below $15,000.00 in excess of the balance due on the note. Harry Davis Sprinklers, Inc. defaulted on the note and appellant obtained a judgment for $105,000.00. The judgment was uncollectable as the corporate assets had been depleted.
Appellant testified that appellee made no objection to the lack of personal guarantees on the note. Appellant stated that he did not understand the legal significance of a corporate purchaser, and said Hathaway told him he was protected regarding security. Hathaway made no provision for signatures in an individual capacity on the promissory note. Steinberg, the purchaser, testified that Hathaway advised Davis at the closing and it appeared that Davis was following the attorney's advice.
Appellee testified that appellant approached him only after he had already decided on the terms of the sale. Appellee testified that he told appellant he needed more protection, and did not recommend closing because of the low down payment and lack of security. Appellee testified that appellant did not follow his advice, because he was anxious to leave the pressures of the business. Appellee discussed the need for personal liability, and testified that the buyers under no circumstances would have signed in their individual capacities. The purchasers, Steinberg and Zitti, testified that appellee never requested them to personally sign the note.
The court granted summary judgment on appellee Hathaway's motion, which alleged that appellant did not request him to protect his interest, that appellant knew the purchaser would not personally sign guarantees for notes, that appellee did not draft the contract, and that appellant failed to protect his security interest.
Summary judgment may be granted when there is no material issue of disputed fact. Florida Rule of Civil Procedure 1.510(c). However, the court may not weigh the evidence to reach a summary judgment when there are facts in dispute. See, e.g., Morgan v. Growers Marketing Service, Inc., 370 So.2d 74 (Fla. 2d DCA 1979); Ritchey v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 361 So.2d 438 (Fla. 2d DCA 1978). Below, a dispute was evident between the testimony of the parties as to what services appellant requested and what advice appellee rendered. Appellee testified that he disapproved of the contract and told appellant that he needed more protection, but appellant did not follow his advice. Appellant testified that he asked appellee Hathaway to protect him, and appellee made no objection to the lack of personal guarantees. Appellant testified that appellee told him he was protected regarding security. These direct conflicts in material fact could not be resolved by the court on summary judgment.
*690 The judgment below is REVERSED and the case REMANDED for further proceedings.
GRIMES, A.C.J., and SCHOONOVER, J., concur.