SCHOONOVER, Judge.
Appellant, James Petersen, appeals from a summary judgment entered in favor of the appellee, Richmond Powell. We find that Powell did not carry his burden of establishing the lack of a genuine issue of material fact and therefore reverse.
On October 1, 1984, Petersen and Powell entered into a contract whereby Petersen agreed to buy certain real estate located in Lee County, Florida, from Powell. Pursuant to the terms of the contract, Petersen placed a $25,000 earnest money deposit in the escrow account of Art Hamel, doing business as Gulf Coast Properties.
An addendum to the contract provided in part that the contract was subject to, and contingent upon, Petersen’s confirming with the City of Fort Myers that the property would accommodate an adult congregate living facility with a total density of 159 units. He was given forty-five days to diligently pursue and obtain that verification. The addendum also provided that if the city determined that the property would not accommodate an adult congre *141 gate living facility of 159 rooms, or had not rendered a decision (within the period provided), Petersen would have the option of cancelling the contract and receiving a full refund of his deposit.
Petersen did not obtain the necessary verification from the City of Fort Myers within the forty-five day period, and Powell would not extend the time without an additional nonreturnable deposit. Petersen then notified Powell that he considered the contract terminated and demanded refund of his deposit. After Powell instructed Gulf Coast that the deposit should not be refunded to Petersen, Gulf Coast filed an interpleader action. The trial court granted Powell’s motion for summary judgment, and this timely appeal followed.
A summary judgment may be rendered only if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). The burden is on the moving party to demonstrate conclusively that the nonmoving party cannot prevail. If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Snyder v. Cheezem Development Corp., 373 So.2d 719 (Fla. 2d DCA 1979).
In the case sub judice, the record establishes that Petersen did not obtain verification that the property would accommodate an adult congregate living facility of 159 rooms. The record further establishes that he had an obligation under the contract to diligently pursue that verification. The question of whether Petersen diligently pursued the verification, however, is an unresolved material issue. See Hamilton v. Title Insurance Agency of Tampa, Inc., 338 So.2d 569 (Fla. 2d DCA 1976). Because the record establishes a genuine dispute as to this issue, the trial court erred by granting a summary judgment in favor of Powell. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Snyder. Upon remand, it will be necessary to resolve this issue at a trial. If the trier of fact finds that Petersen diligently pursued verification that the property would accommodate an adult congregate living facility of 159 rooms and could not receive same within forty-five days, or that it was refused, he had the right to terminate the contract and receive a full refund of his deposit. If on the other hand the trial court finds that he did not fulfill this obligation, a judgment for Powell should be entered.
Reversed and remanded for proceedings consistent herewith.
CAMPBELL, A.C.J., and LEHAN, J., concur.