JOANOS, Chief Judge.
California Federal Savings and Loan Association has appealed from a post-judgment order setting attorney’s fees. We reverse.
Appellee David Munger purchased certain real property at a foreclosure sale. Foreclosure had been initiated against the appellees Coley by California Federal, but due to confusion about the time, California Federal was not represented at the sale. It thereafter moved to set aside the sale for gross inadequacy of price, and the motion was granted. The same order found that Munger, although a non-prevailing party, was entitled to attorney’s fees; there was no citation of authority for the award.
Munger appealed the order setting aside the sale, and California Federal cross-appealed the award of fees. This court affirmed the setting aside of the sale, Munger v. California Federal Savings and Loan, 563 So.2d 215 (Fla. 1st DCA 1990), but held that the fee issue was not ripe for adjudication in that the order simply found entitlement without actually awarding a fee. Munger at 215. The trial court subsequently entered an order setting an amount to be paid by California Federal, over its objection that there was no contractual, statutory or other authority to award such a fee.
California Federal reiterates this argument on appeal, citing Merrill, Lynch, Pierce, Fenner and Smith, Inc. v. Ritchey, 394 So.2d 1057 (Fla. 2d DCA 1981) (in the absence of contractual provision or statu *1153 tory mandate, it is error to require the prevailing party to pay the fees of the non-prevailing party). Munger concedes the absence of such authority, but contends that he is equitably entitled to a fee. That is, California Federal should be required to pay Munger’s fees, having sought the equitable remedy of setting aside the sale after its own failure to attend. Munger also argues that California Federal is barred from contesting the fee, in that it did not object at the original entitlement hearing.
The latter argument was raised by Mun-ger in his previous appeal. However, the court did not rely on a failure to object to find that the fee issue was barred, but held that it was not yet ripe. This ruling implies that no final, appealable event occurred until the trial court actually awarded an amount, and it is not disputed that California Federal objected at that time on the ground now raised. We therefore find that the issue raised by California Federal is properly before us.
On the merits of that issue, the Florida Supreme Court has declared itself committed to the doctrine that fees cannot be taxed in any cause unless authorized by contract or legislative authority. Ritchey at 1058, citing Codomo v. Emanuel, 91 So.2d 653 (Fla.1956). Attorney’s fees may be recoverable in the absence of contract or statute when a fund has been created or brought into court; in actions for wrongful attachment, false imprisonment, malicious prosecution or slander of title; or where a partner is forced to bring suit for dissolution of the partnership and an accounting. Ritchey at 1058, n. 2. None of these exceptions apply to the instant case, and Munger concedes that he has no contractual or statutory right to a fee.
Therefore, because there is no contractual, statutory or other authorization for the fee awarded herein, the order awarding that fee is reversed.
MINER and WEBSTER, JJ., concur.