THREADGILL, Judge.
Allan Jarvis and Lawrence Barcomb, defendants in an action seeking payment of the balance of a real estate commission, appeal a final judgment entered after a non-jury trial. We affirm the final judgment to the extent that it permits recovery of the commission, however, we reverse that portion of the final judgment that awards attorney’s fees to the plaintiff, Billie J. Papineau.
Billie J. Papineau filed a two-count complaint against Allan Jarvis and Lawrence Barcomb, alleging breach of contract and unjust enrichment. The complaint was based upon a real estate sales commission agreement executed by: Jarvis and Bar-comb, as sellers; Realty Executives, Inc., and Papineau, as listing brokers; and Sunshine Realty, Inc., and Michael Carr, as procuring brokers. The complaint alleged that Jarvis and Barcomb breached the contract by failing to pay all commissions due under it. The complaint also alleged that Jarvis and Barcomb were unjustly enriched when they sold their property to the buyer procured by Realty Executives, Inc., without paying fair value for the services.
After the non-jury trial, the trial court ruled that Papineau was entitled to recover $5,000.00, plus interest, totaling $8,575.08, from Jarvis and Barcomb. We affirm that portion of the final judgment without discussion. We reverse, however, the portion of the final judgment that awards attorney’s fees, totaling $10,989.00, to Papineau. Attorney’s fees cannot be taxed in any cause unless authorized by contract or statute. See Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Ritchey, 394 So.2d 1057 (Fla. 2d DCA 1981). The record in this case fails to demonstrate any contractual or statutory authorization for the fee award. Nor does the appellee suggest the existence of such authorization, having failed to file a brief or appear at oral argument.
Affirmed in part; reversed in part.
FRANK, AC.J., and QUINCE, J., concur.