357 So.2d 789 (1978)
AIR CANADA, Appellant,
v.
Sara B. SMITH and Ivan H. Smith, Her Husband, Appellee.
No. GG-461.
District Court of Appeal of Florida, First District.
April 28, 1978.
*790 Raymond Ehrlich and Marion R. Shepard of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellant.
Howard C. Coker of Cowles, Coker & Myers, Jacksonville, for appellee.
MILLS, Acting Chief Judge.
Air Canada appeals from a judgment entered in favor of the Smiths in a suit brought by them for bodily injuries received by Sara Smith when she fell at the Montreal Airport in Canada.
The Smiths left Jacksonville, Florida, for a trip to Quebec, Canada. In compliance with Air Canada routing, they traveled on Eastern Airlines from Jacksonville to Kennedy Airport in New York. There they transferred to an Air Canada flight bound for Montreal, where they were to board another Air Canada flight to Quebec. When the Air Canada flight got to Montreal, the Smiths deplaned and were instructed by Air Canada's flight attendants to present themselves, as required by Canadian law, to the immigration authorities. After clearing immigration, they proceeded to a baggage carrousel in the immigration and customs area of the airport to pick up their bags, intending to go through customs as required by Canadian law. On the floor of the customs area, they found a baggage cart upon which they placed one or more bags. While Mrs. Smith was standing near the cart waiting for Mr. Smith to bring the other bags from the carrousel, she turned and tripped over what she described as an extension or appendage on the baggage cart. The area where Mrs. Smith fell was clean and well lighted. There was no impediment to her vision. The area was under the exclusive control of the Ministry of Transport, a branch of the Canadian government, and the Ministry was charged with the maintenance of the area. The carts were owned by the Ministry of Transport and were made available by it to persons in the immigration and customs area. Repairs on the carts, when necessary, were made by the Ministry of Transport. Although some Air Canada personnel might be admitted to the area, they were admitted only if they were identified and if they had some special reason to be there.
The Smiths contended that the baggage cart with its extension or appendage which was eight inches above the floor constituted a dangerous condition and unexpected hazard which was permitted to exist without warning to them. Further, the Smiths contended that Air Canada breached its contract for safe passage by failing to provide a safe place for boarding and alighting passengers on through flights.
At the close of the Smiths' case, Air Canada moved for a directed verdict and renewed its motion at the end of the trial. Both motions were predicated upon Air Canada's contention that no evidence was presented to show negligence on its part and that under the circumstances it owed no duty to the Smiths which was breached. Air Canada's defense was based on the undisputed fact that the area of injury was under the control of the Government of *791 Canada and that Canada owned and maintained the carts. We agree and reverse.
Under the facts of this case, Air Canada is not liable for the injuries received by Mrs. Smith. The airport terminal was owned by the sovereign government of Canada. The area where Mrs. Smith fell was under the exclusive control of the Ministry of Transport, a branch of the Canadian government, which was charged with the maintenance of the area. The baggage carts were owned and maintained by the Ministry of Transport. The Ministry of Transport made the carts available only to persons in the immigration and customs area, and although Mrs. Smith was required to pass through this area after leaving the airplane, this requirement was placed upon her by the sovereign government of Canada, not by Air Canada. Air Canada had neither control over the area where the injury occurred nor the cart which caused the injury.
Air Canada was under no duty to go looking for possible perils on premises exclusively possessed, maintained and controlled by the sovereign government of Canada. It was under no duty to warn Mrs. Smith of conditions which were obvious to her. A passenger in transit must show some fault on the part of a common carrier. The mere occurrence of an injury while in transit is not enough.
The facts of this case show no more than Mrs. Smith stumbled or tripped over a baggage cart with an observable extension located eight inches from floor level in a well lighted, well kept area, for no explainable reason.
The trial court erred when it denied Air Canada's motions for directed verdicts and we must reverse the judgment appealed.
ERVIN and BOOTH, JJ., concur.