370 So.2d 74 (1979)
Hazel MORGAN, Brenda Morgan, Linda Morgan, Hazel Morgan, As Administratrix of the Estate of James Morgan, Deceased, and Ollie Ophelia Morgan, Deceased, and Hazel Morgan, As Guardian of James Wilson Morgan, Jr., a Minor, Appellants,
v.
GROWERS MARKETING SERVICE, INC., and Melon Harvesting, Inc., Appellees.
No. 78-1469.
District Court of Appeal of Florida, Second District.
April 25, 1979.
*75 Edna L. Caruso, West Palm Beach and Horace E. Hill, Daytona Beach, for appellants.
A.H. Lane, of Lane, Massey, Trohn, Clarke, Bertrand & Smith, P.A., Lakeland, for appellee Growers Marketing Service, Inc.
Daniel A. Carlton and Harry W. Haskins, of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellee Melon Harvesting, Inc.
PER CURIAM.
In this wrongful death action for damages arising from the death of James Morgan, a farm laborer involved in the harvesting of watermelons, the trial court entered final summary judgments in favor of appellee/defendant Growers Marketing Service, Inc. and appellee/defendant Melon Harvesting, Inc. The trial court found that there were no genuine issues of material fact and that each appellee was entitled to judgment as a matter of law. We disagree and reverse.
On motion for summary judgment, the burden of proof is on the moving party to show the absence of any genuine issue of material fact, and all doubts and inferences must be resolved against the movant. Wills v. Sears, Roebuck & Company, 351 So.2d 29, 32 (Fla. 1977); Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
We have carefully reviewed the rather lengthy record in the application of the above-stated rule, and we conclude that it cannot be said that appellees met their "... burden of showing conclusively that genuine issues of material fact do not exist." Holl v. Talcott, supra, 191 So.2d at 47. See also Tamiami Builders, Inc. v. Smith, 305 So.2d 58 (Fla.2d DCA 1974).
On the contrary, the record herein reveals the presence of issues of material fact, including, inter alia, the employment status of James Morgan at the time of his death in relation to appellee Growers Marketing Service, Inc.; whether appellee Growers had, in fact, completed its job and left the premises prior to the fatal accident; whether appellee Growers had given Sam and David Gadsden permission to use the watermelon loading and grading machine which was involved in the death of Morgan; and, as to appellee Melon Harvesting, Inc., whether Melon was the owner of the aforesaid machine, as alleged in appellants' complaint, but denied by Melon in answer to the complaint, in the face of the sworn statement of the co-defendant, appellee Growers, on discovery that Growers leased the machine from Melon, the owner of the machine. Further, that if Melon was the owner of the machine, it failed to carry its summary judgment burden of showing it was, in no way responsible for the accident.
Accordingly, the final summary judgments appealed from are hereby REVERSED, and this cause is remanded for further proceedings consistent herewith.
GRIMES, C.J., and BOARDMAN and RYDER, JJ., concur.