374 So.2d 1379 (1979)
Sam ABDIN, Appellant,
v.
Lou FISCHER and Sea Fresh Frozen Products, Inc., Appellees.
No. 55763.
Supreme Court of Florida.
July 12, 1979.
Rehearing Denied October 17, 1979.
Richard E. Mandell, of Wotitzky, Wotitzky, Johnson, Mandell & Batsel, Punta Gorda, for appellant.
Russell W. Layton, of Driscoll, Langstom, Layton & Kane, and Burton J. Green, Cocoa Beach, for appellees.
ALDERMAN, Justice.
This is a direct appeal from a circuit court's order upholding the constitutionality of section 375.251, Florida Statutes (1975), and granting defendants' motion for summary judgment. In addition to his constitutional challenge, appellant Sam Abdin, the plaintiff in the proceedings below, contends that there were material issues of fact which should have precluded summary judgment. We hold that the statute is constitutional but that the trial court erred in granting the summary judgment.
Plaintiff Abdin, while preparing to launch his boat, slipped and fell on algae which had grown on a concrete boat ramp. He sued the lessee of the ramp, Sea Fresh Frozen Products, Inc., and its president, Lou Fischer, for his resulting injuries. The ramp was located on one of three parcels of land leased by Sea Fresh from the Canaveral Port Authority. Immediately next to the ramp was a sign which read: "Free boat ramp  courtesy of Fischer's Harbor Seafood, Bait, Ice, Fresh Seafoods." This retail business operation, along with a parking lot, restroom, and fish cleaning tables, *1380 was located near the boat ramp. Also in close proximity was defendants' wholesale fish house.
In response to plaintiff's amended complaint, defendants pleaded that section 375.251, Florida Statutes (1975), shielded them from liability. That statute provides in relevant part:
(1) The purpose of this act is to encourage persons to make available to the public land, water areas and park areas for outdoor recreational purposes by limiting their liability to persons going thereon and to third persons who may be damaged by the acts or omissions of persons going thereon.
(2)(a) An owner or lessee who provides the public with a park area for outdoor recreational purposes owes no duty of care to keep that park area safe for entry or use by others, or to give warning to persons entering or going on that park area of any hazardous conditions, structures, or activities thereon. An owner or lessee who provides the public with a park area for outdoor recreational purposes shall not by providing that park area:
1. Be presumed to extend any assurance that such park area is safe for any purpose,
2. Incur any duty of care toward a person who goes on that park area, or
3. Become liable or responsible for any injury to persons or property caused by the act or omission of a person who goes on that park area.
(b) This section shall not apply if there is any charge made or usually made for entering or using such park area, or any part thereof, or if any commercial or other activity for profit is conducted on such park area, or any part thereof.
.....
(4) This act does not relieve any person of liability which would otherwise exist for deliberate, willful or malicious injury to persons or property. The provisions hereof shall not be deemed to create or increase the liability of any person.
(5) The term "outdoor recreational purposes" as used in this act shall include, but not necessarily be limited to, hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, motorcycling, and visiting historical, archaeological, scenic, or scientific sites.
Plaintiff contends that the statute, by limiting liability, violates article I, section 21, Florida Constitution.[1] In support of this contention, he argues that the statute bars a common law cause of action against landowners and lessees for damages resulting from a defective or dangerous condition on the land.
In response, defendants point out that if plaintiff had entered their property prior to passage of the statute and without their permission, his legal status would have been that of a trespasser. The defendants would have been liable to plaintiff for injuries suffered on the land only if their conduct amounted to gross negligence.[2] The statute provides for the continuation of this trespasser status for the benefit of those landowners who open land for the statutory purpose. Although plaintiff now has been granted permission to enter and use the land, he still must prove gross negligence to recover for personal injuries. The statute does not deny access to the courts. Plaintiff is in the same position today as he would have been in before the passage of the statute, except that he may now lawfully enter the land if he so chooses.
Even if it could be said that the statute alters the standard of care owed to plaintiff by defendants, this type of modification by the legislature is not prohibited by the constitution. In Kluger v. White, 281 So.2d 1 *1381 (Fla. 1973), we announced a test that the legislature must meet when it abolishes a common law or statutory right of redress. But we also noted the distinction between abolishing a cause of action and merely changing a standard of care. Kluger pointed out that we had previously approved Florida's "Guest Statute"[3] in McMillan v. Nelson, 149 Fla. 334, 5 So.2d 867 (1942), because it "merely changed the degree of negligence necessary for a passenger in an automobile to maintain a tort action against the driver. It did not abolish the right to sue... ." Kluger v. White, 281 So.2d 1, 4 (Fla. 1973). What Kluger and McMillan make clear is that legislative action that alters standards of care need only be reasonable to be upheld. The legislature sought to encourage the opening of recreational land by limiting the landowners' and lessees' liability. This is a reasonable exercise of legislative power, and it does not violate article I, section 21, Florida Constitution.
The remaining issue is whether summary judgment is warranted in this case. In determining a motion for summary judgment, a trial court must resolve disputed facts and disputed inferences against the movant. Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965). Section 375.251(2)(a)3(b) expressly affords no protection to owners and lessees who conduct commercial activity on the "park area." We find from a review of the record that a jury could reasonably infer that commercial activity was taking place on the property which defendants allege is a "park area." Accordingly, we reverse and remand for further proceedings consistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] Article I, section 21, Florida Constitution, provides:

The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.
[2] See Wood v. Camp, 284 So.2d 691 (Fla. 1973), (property owner's duty to undiscovered trespasser is only to avoid harming him willfully and wantonly).
[3] Chapter 18033, section 1, Laws of Florida (repealed 1972).