HOBSON, Acting Chief Judge.
Petitioner Wade Bradford Grove Service, Inc. seeks review of a final administrative order rendered by the Florida Department of Agriculture & Consumer Services which dismissed Bradford’s complaint against respondent Bowen Bros., Inc. We reverse.
In September, 1978, the parties entered into a contract whereby Bradford was to furnish 12,000 boxes of Temple oranges to *720 Bowen Bros, at a price of 75 cents per pound solids. Most of the Temples with which Bradford had intended to fill the contract were frozen. Bradford paid $1.00 per pound solids for Temples from other sources to fulfil the contract. The complaint against Bowen Bros, is predicated on the 25 cents difference in price paid by Bradford for the additional 9,044 boxes of Temples. Total damages claimed amount to $12,461.75.
At the formal hearing, Wade Bradford, President of Bradford Grove Service, Inc., presented unrebutted testimony concerning the events giving rise to his complaint. He stated that when he informed Gilbert Bowen that he would be unable to fill the contract from his initial source due to the freeze, Mr. Bowen told him that Bowen Bros, would purchase the deficit amount from other sources for $1.05 per pound solids and charge this amount back against fruit which had already been delivered by Bradford to Bowen Bros. Bradford testified that he purchased the Temples for $1.00 per pound in order to mitigate the charge back. Bradford further stated that he and Bowen discussed the situation several times but were unable to come to a definite price agreement. At the end of the season, Bradford gave Bowen all his pertinent records and presumed that Bowen planned to “look it over and try to settle it. But we never could settle it.”
Although Gilbert Bowen appeared at the informal prehearing conference in order to clarify his understanding of the contractual arrangement, he did not appear at the final hearing nor was he represented by counsel. Ms. Arlene Schuford, Secretary-Treasurer of Bowen Bros., offered testimony; however, her statements were not in rebuttal to Wade Bradford’s argument.
The final order stated:
The Commissioner finds and determines that if (as admitted by Complainant), Complainant was under no obligation to replace the frozen Temples, it must be considered to have done so voluntarily. There is no indication in the record that the Respondent promised to pay Complainant the 25 cents per pound difference. Accordingly, based on the evidence and testimony submitted, Commissioner is of the opinion that the record fails to disclose that Respondent has violated any provisions of the Florida Citrus Code. Accordingly, the Complaint against the Respondent be and the same is hereby dismissed.
This conclusion is in conflict with Bradford’s unrebutted testimony. Therefore, pursuant to Section 120.68(10), Florida Statutes (1977), we hold that the dismissal of petitioner’s complaint was not supported by competent substantial evidence in the record. Therefore, we grant the petition for review, set aside the final order of dismissal, and remand the cause for further proceedings in which the hearing officer may take additional testimony to determine specifically whether the contract in dispute was a “production contract” only requiring delivery of all the Temple oranges from a specific grove or one that required unconditional delivery of 12,000 boxes of Temple oranges.
PETITION GRANTED.
SCHEB and DANAHY, JJ., concur.