411 So.2d 218 (1982)
SEA FRESH FROZEN PRODUCTS, INC., Appellant,
v.
Sam ABDIN and Lou Fischer, Appellees.
No. 80-1000.
District Court of Appeal of Florida, Fifth District.
February 10, 1982.
Rehearing Denied March 9, 1982.
*219 Russell W. Layton of Driscoll, Langston, Layton & Kane, P.A., Cocoa Beach, for appellant.
Richard E. Mandell of Wotitsky, Wotitsky, Mandell, Batsel & Wilkins, Punta Gorda, and Michael Sigman, Orlando, for appellee Sam Abdin.
No appearance for appellee Lou Fischer.
COWART, Judge.
The appellee, Sam Abdin, sued for injuries he received when he slipped on a boat ramp owned by appellant, Sea Fresh Frozen Products, Inc. Use of the boat ramp was provided to the public free of charge by the appellant. From a judgment in favor of appellee, entered pursuant to a jury verdict, Sea Fresh Frozen Products appeals.
Appellant contends the trial court erred in allowing plaintiff's expert witness to testify. Before an expert can testify, the subject matter must be beyond the common understanding of the average layman. Buchman v. Seaboard Coast Line Railroad Co., 381 So.2d 229 (Fla. 1980); Mills v. Redwing Carriers, Inc., 127 So.2d 453 (Fla. 2d DCA 1961). Here, the subject matter the plaintiff's expert testified about was the slipperiness of algae on a boat ramp, a subject easily comprehendible by an average juror. Even if the subject matter could have been considered outside the realm of a layman's experience, a person offered as an expert must be demonstrated to have some expertise in that particular field. Buchman; Mills. Plaintiff's witness was offered as an expert in marine chemistry, with a doctorate and a research background in that field. However, he admitted he had never done any studies whatsoever concerning marine algae growth or its control, the very subject about which he was being offered to testify. For both these reasons, the trial court erred in allowing the witness to testify as an expert.
While normally this error would require reversal for a new trial, we hold the trial court additionally erred in not granting the appellant's motion for a directed verdict. We realize this case was appealed *220 to the supreme court in Abdin v. Fischer, 374 So.2d 1379 (Fla. 1979), wherein that court overturned a summary judgment. However, after a review of the record, we hold the evidence at trial was legally insufficient to prove the appellant liable for plaintiff's injury. The appellant was legally entitled to the benefits under section 375.251, Florida Statutes (1975), and the court should have enforced its right. Accordingly, the judgment is reversed and the cause remanded for entry of a judgment for the defendant.
REVERSED AND REMANDED.
DAUKSCH, C.J., concurs.
SHARP, J., concurs in part, dissents in part with opinion.
SHARP, Judge, concurring in part, dissenting in part.
I agree with the majority opinion that the trial court erred in allowing expert testimony about the slippery algae. However, the balance of the opinion cannot be reconciled with Abdin v. Fischer, 374 So.2d 1379 (Fla. 1979).
The Supreme Court ruled in that case that the trial court erred in granting a summary judgment in favor of appellant Sea Fresh Frozen Products, Inc. The key issue was whether or not Sea Fresh was conducting "commercial activity" on the ramp property to such an extent as to deprive it of the protection of section 375.251, Florida Statutes (1975).[1] The Supreme Court ruled there were questions of fact regarding this issue which should be tried by a jury. On remand this issue was sent to the jury who found against Sea Fresh and this appeal ensued. The record before the Supreme Court and at trial, on this issue, was substantially identical.
Because the trial record before us on appeal concerning "commercial activity" on the ramp vel non, is substantially the same as went to the Supreme Court on this issue, I think that decision is binding and conclusive as to whether or not the case should have gone to the jury.[2] Whether a summary judgment should be granted or a verdict directed are indistinguishable in this context.[3] Both require a determination that there is no conflict of fact or inference therefrom to be determined by the jury. The Supreme Court has spoken on this very issue in this case. I feel we are bound by their decision. I would remand this case for a new trial only.
NOTES
[1] Section 375.251, Florida Statutes (1975) states in part:

(1) The purpose of this act is to encourage persons to make available to the public land, water areas and park areas for outdoor recreational purposes by limiting their liability to persons going thereon and to third persons who may be damaged by the acts or omissions of persons going thereon.
(2)(a) An owner or lessee who provides the public with a park area for outdoor recreational purposes owes no duty of care to keep that park area safe for entry or use by others, or to give warning to persons entering or going on that park area of any hazardous conditions, structures, or activities thereon. An owner or lessee who provides the public with a park area for outdoor recreational purposes shall not by providing that park area:
1. Be presumed to extend any assurance that such park area is safe for any purpose,
2. Incur any duty of care toward a person who goes on that park area, or
3. Become liable or responsible for any injury to persons or property caused by the act or omission of a person who goes on that park area.
(b) This section shall not apply if there is any charge made or usually made for entering or using such park area, or any part thereof, or if any commercial or other activity for profit is conducted on such park area, or any part thereof.
[2] Because of the many similar considerations involved in ruling on a motion for summary judgment or a motion for directed verdict, the Supreme Court's decision in Abdin v. Fischer, 374 So.2d 1379 (Fla. 1979) is virtually the "Law of the Case."
[3] Cf., Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965) (the attributes of summary judgment and directed verdict motions are very similar); Lauck v. Publix Market, Inc., 335 So.2d 589 (Fla. 3d DCA 1976) (A summary judgment is in essence a directed verdict).