426 So.2d 1136 (1983)
Doris ARIAS and Theodore Arias, Appellants,
v.
STATE FARM FIRE & CASUALTY COMPANY and Lysle E. Williams, Appellees.
No. AL-437.
District Court of Appeal of Florida, First District.
February 8, 1983.
Rehearing Denied March 10, 1983.
*1137 John N. Bryant, P.A., Jacksonville, for appellants.
Shawn Ettingoff and J. Stephen O'Hara, Jr. of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellees.
ERVIN, Judge.
In this personal injury action, appellants/plaintiffs appeal from a final summary judgment absolving the defendants from any liability. Because genuine issues of material fact remain undetermined, we reverse and remand for further consistent proceedings.
The present status of the record reveals that appellant Doris Arias was injured after a "john boat" operated by David Fenton on Lake Hampton in Bradford County, Florida, collided with a diving dock, located in the lake, several hundred feet directly in front of property owned by appellee that abutted Lake Hampton. Appellants alleged that the dock constituted a hazardous condition because at the time of the accident it protruded only eight to ten inches above the surface of the water, and there were no signs or other devices placed on or about the dock to warn boaters of its location. Moreover, they alleged that the dock was owned, controlled or maintained by defendant Lysle Williams in that he or others under his direction undertook to add a concrete slab to the top of the diving dock, which increased the danger to boaters.
In considering the motion for summary judgment, the lower court had before it evidence disclosing that Lake Hampton is a meandered fresh water lake; that the diving dock had been in existence at the time defendant Williams bought his lake front property, but that after its purchase, he had placed a thin shelled cement surface over the deck when a neighborhood child complained of receiving splinters while on it. Additionally, defendant Williams, by affidavit, denied that he had ever conducted any commercial or other activity for profit on the area of the lake where the accident occurred, or on his real property which abutted the lake.
As to their first argument in support of the summary judgment, appellees *1138 implicitly assume that plaintiff Doris Arias' status, while on Lake Hampton, was either that of an invitee or licensee. The duty owed by a landowner or occupant to a licensee or invitee is of course the same; he must keep his property reasonably safe, and protect the visitor from dangers of which he is, or should be, aware. Wood v. Camp, 284 So.2d 691 (Fla. 1973); Post v. Lunney, 261 So.2d 146, 147 (Fla. 1972). The appellees do not contend that Doris Arias was a trespasser. If she were, their duty to her would have been only to avoid harming her willfully and wantonly, or, if her presence were discovered, to warn her of known dangers not open to ordinary observation. Wood v. Camp, at 693-94.
Essentially, they argue that because the record conclusively establishes that Lake Hampton is a navigable body of water, the lands beneath the water are owned by the state, not by defendant Williams, hence he could not own or control the submerged lands on which the diving dock was placed; consequently it could not be said that he owed any duty to her to warn or take other measures for her safety. Cf. Odom v. Deltona Corp., 341 So.2d 977, 988-89 (Fla. 1976); Pembroke v. Peninsular Terminal Co., 108 Fla. 46, 146 So. 249, 253 (1933); State, Department of Natural Resources v. Contemporary Land Sales, Inc., 400 So.2d 488, 491 (Fla. 5th DCA 1981). This argument, however, begs the question. The crucial question is whether it can be concluded on this record, as a matter of law, that defendant Williams, notwithstanding the ownership of the lands by the state, maintained control over the boat dock which was placed upon such submerged lands. The liability of an occupant of real property for injuries caused by an alleged dangerous defective condition on the premises depends generally upon his control of the property, regardless of whether he has title thereto, or whether he has a superior right to possession of property which is in the possession and control of another. 62 Am.Jur.2d Premises Liability § 12, pp. 239-240 (1972). Thus, anyone who assumes control over the premises in question, no matter under what guise, assumes also the duty to keep them in repair, and the fact that others are under a duty which they fail to perform is no defense to one who has assumed control, thereby bringing others within the sphere of danger. Id. at § 14, p. 243. Cf. Wingard v. McDonald, 348 So.2d 573 (Fla. 1st DCA 1977), cert. denied, 358 So.2d 132 (Fla. 1978); Air Canada v. Smith, 357 So.2d 789 (Fla. 1st DCA 1978).
We are not prepared to state on this record that defendant Williams failed to maintain the requisite control over the boat dock. The affidavit of Lysle Williams admitted that he had placed a thin shell of cement over the diving dock during the summer of 1976. The rule is well settled that the burden of proof on the party moving for summary judgment is to show the absence of any genuine issue of material fact, and all doubts and inferences must be resolved against the movant. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Wills v. Sears, Roebuck & Co., 351 So.2d 29, 32 (Fla. 1977); Morgan v. Growers Marketing Services, Inc., 370 So.2d 74 (Fla. 2d DCA 1979). Williams' admission, together with the other allegations made by the plaintiffs on the question of control, was sufficient to raise a reasonable inference of a disputed material fact, so as to require that the motion be denied.
Appellees also assert that under the provisions of Section 375.251, Florida Statutes (1979),[1] the defendant Williams owed no *1139 duty of care to keep the lake safe for entry or use by others or to give warning to persons entering or going on the lake of any hazardous conditions, structures or activities thereon, because access to the lake for recreational purposes had been provided to the public by Williams. In Abdin v. Fischer, 374 So.2d 1379 (Fla. 1979), the statute was attacked as violative of Article I, Section 21 of the Florida Constitution on the ground that it bars a common law cause of action against landowners and lessees for damages resulting from a defective or dangerous condition on the land. In upholding the statute's constitutionality, the court responded that the statute merely changes the degree of negligence necessary for an injured party to maintain a cause of action against the landowner or occupant; it does not abolish the right to sue. Id. at 1380. Thus, under the Abdin interpretation, the duty of care imposed by the statute on the owner or occupant of recreational premises is the same as that owed to any trespasser, the only difference now being that the person may lawfully enter the area if he chooses. Id. The court continued, however, that as to the nonconstitutional issues before it, a genuine question of material fact remained as to whether defendant's alleged operation of a recreational area came within the terms of the statute, i.e., whether the defendant's operation could be said to be noncommercial. If it were not, the statute would be inapplicable.
Similarly, we are unable to determine from this record whether the defendant Williams' alleged operation of a "recreational park" comes within the terms of the statute. We must remember that statutes which are designed to supersede or modify rights provided by common law must be strictly construed, and will not be interpreted so as to displace the common law further than is expressly declared. Bryan v. Landis, 106 Fla. 19, 142 So. 650 (1932); Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977).
Applying such a construction to the statute, we consider that before its provisions may be said to apply to Williams' operations, he must clearly show he met the following statutory conditions: (1) That he was an owner or lessee who provided the public with a park area for outdoor recreational purposes, and (2) that he provided the area to the public without charge. We think Williams met the second condition. His affidavit supporting the motion for summary judgment stated that he never conducted any commercial activity in the area involved. That statement was not rebutted.
Our primary difficulty with his argument that he is absolved by the statute from any duty of care is in determining from the record before us whether he met the first condition. We know from this record that Williams' property abutted Lake Hampton. We do not know whether it completely enclosed it. Were there other abutting property owners who had access to the lake, or provided access to others? In order "to provide" a park area, it is obvious that Williams must first have the right to exclude others from ingress to the lake. This is a factual issue unresolved by the record. Additionally, even if the record supported Williams' position that his ownership of the land was such as to permit him to provide access, we do not know from this record whether Williams provided access to the lake to all members of the public, or to a restricted class of persons. And, finally, assuming that the statute's provisions were in all respects applicable, Doris Arias' status on the property would, under the interpretation placed upon the statute by Abdin v. *1140 Fischer, be that of a trespasser. If she were a trespasser discovered by Williams, his duty would be to warn her of dangers known by him that were not open to ordinary observation. We are unprepared to state from our examination of the record that there can be no genuine issue of material fact that a boat dock protruding eight to ten inches above the surface of the lake is obvious to one in a speeding boat.
Because there are simply too many questions of fact unresolved by this record, we reverse the summary judgment, and remand the cause for further consistent proceedings.
LARRY G. SMITH and SHIVERS, JJ., concur.
NOTES
[1] Section 375.251, Florida Statutes (1979), provides in pertinent part:

(1) The purpose of this act is to encourage persons to make available to the public land, water areas and park areas for outdoor recreational purposes by limiting their liability to persons going thereon and to third persons who may be damaged by the acts or omissions of persons going thereon.
(2)(a) An owner or lessee who provides the public with a park area for outdoor recreational purposes owes no duty of care to keep that park area safe for entry or use by others, or to give warning to persons entering or going on that park area of any hazardous conditions, structures, or activities thereon. An owner or lessee who provides the public with a park area for outdoor recreational purposes shall not by providing that park area:
1. Be presumed to extend any assurance that such park area is safe for any purpose,
2. Incur any duty of care toward a person who goes on that park area, or
3. Become liable or responsible for any injury to persons or property caused by the act or omission of a person who goes on that park area.
(b) This section shall not apply if there is any charge made or usually made for entering or using such park area, or any part thereof, or if any commercial or other activity for profit is conducted on such park area, or any part thereof.