SHIVERS, Judge.
In this contract action, Northwestern, Inc. (Northwestern) and United States Fidelity and Guaranty Company (USF & G) appeal the order of the trial court granting Gulf Asphalt Corporation’s (Gulf) motion for summary judgment. We reverse and remand.
Northwestern served as general contractor for a sewer facility project for Bay County, Florida. USF & G provided a payment and performance bond on this project in accordance with section 255.05, Florida Statutes (1981). Northwestern’s contract with Bay County provided that, inter alia, Northwestern was to repair several streets with three quarters (¾) inch of sand asphalt and one half (Vá) inch of wearing surface.
In December of 1981, Northwestern verbally agreed with Gulf that the latter would act as subcontractor on this project by providing and laying sufficient asphalt to complete the necessary repairs. On December 31, 1981, the parties executed a written agreement failing, however, to make mention of the asphalt depth specifi *509 cations.[1] Gulf admits that it repaired the streets according to the specifications set forth in the contract between Northwestern and Bay County, but denies that it had the responsibility for determining the correct amount of asphalt to be poured. According to the December 31,1981, contract, Gulf would “sweep, tack and overlay streets” with asphalt at a unit price of $25 per ton.
The amount of asphalt used in the Bay County project is not in dispute. Simply, it is alleged that Gulf used more asphalt than was required to complete the project. Gulf contends that the written instrument embodied the full understanding of the parties.[2] As such, the writing evidenced a simple “requirements” contract whereby the responsibility for determining the amount of asphalt laid rested with Northwestern. The trial court agreed with this contention and granted Gulfs motion for summary judgment, awarding Gulf damages for all the asphalt received by Northwestern, plus interest at a rate called for in the contract, together with attorney’s fees and costs.
In Smith Engineering & Construction Co. v. United States Fidelity & Guaranty Co., 199 So.2d 302, 303 (Fla. 1st DCA 1967), this court stated that, in accordance with Rule 1.510 of the Florida Rules of Civil Procedure, a motion for summary judgment shall be entered if:
the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
In Arias v. State Farm Fire & Casualty Co., 426 So.2d 1136, 1138 (Fla. 1st DCA 1983), we stated that:
The rule is well settled that the burden of proof on the party moving for summary judgment is to show the absence of any genuine issue of material fact, and all doubts and inferences must be resolved against the movant.
See also Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977); Morgan v. Growers Marketing Service, Inc., 370 So.2d 74. (Fla. 2d DCA 1979).
The trial court held that, as a matter of law, it was Northwestern’s responsibility to determine the quantity of asphalt required to complete the project. We disagree and hold that there was a genuine issue of material fact.
According to the terms of the contract, Gulf’s promise to “sweep, tack, and overlay streets” with asphalt suggests that Gulf and Northwestern shared the responsibility for complying with the asphalt depth specifications.[3] As subcontractor, Gulf’s grade crew was in charge of the spreader that poured the asphalt. Gulf controlled the spreader setting as to the quantity of asphalt released. There is no evidence that Northwestern controlled these functions. Indeed, Gulf’s hiring as subcontractor stemmed from its special position of skill and knowledge in these matters. The whole purpose of subcontracting the work to Gulf was to receive not only asphalt, but also Gulf’s expertise in measuring and incorporating the asphalt into the streets. We find that the inferences drawn from the pleadings, depositions and affidavits, taken in the light most favorable to Northwestern, show a genuine issue of material fact *510 on the question of responsibility.[4] Thus, we hold that the issue of responsibility was not properly determinable on a motion for summary judgment.
The contract provided that payment was due ten days after receipt of the invoice. Failure to make such payment resulted in a one and one half percent per month interest charge on the amount in default. The first invoice received by appellant incorrectly stated the amount due and it was subsequently replaced by a corrected invoice. In its order, the trial court awarded interest based on the date of the incorrect invoice.
In view of our reversal and remand, we find it unnecessary to determine the issues of interest charges and attorney’s fees at this time. We note, however, our disapproval of the trial court’s method of computing interest charges based on the erroneous invoice. If appellee should ultimately prevail, any computation of interest should reflect the date of the corrected invoice.
REVERSED and REMANDED.
MILLS and ZEHMER, JJ., concur.

. It appears that the payment and performance bond executed by appellant, United States Fidelity and Guaranty Co., was conditioned on the incorporation of the thickness specifications set forth in the Bay County contract.

. The contract contains no integration clause.

. The Parol Evidence Rule does not preclude consideration of the thickness specifications.
A finding that the parties entered into a "requirements” contract, under these circumstances, creates ambiguity as to what the requirements actually were. See Comwel Development v. City of Deerfield Beach, 382 So.2d 716 (Fla. 4th DCA 1980), reh’g denied, 382 So.2d 719 (Fla. 2nd DCA 1980), where the appellate court found ambiguity in a contract and ordered a new trial to permit the parties to introduce parol evidence as to the meaning of the ambiguous term.

. It may well be determined during the course of a plenary trial that appellee substantially complied with the thickness specifications, in which case the issue of responsibility would be moot.