**William Russell KLEER,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 84–3497.**

United States Court of Appeals,
Eleventh Circuit.

May 30, 1985.

John F. MacLennan, Harold H. Catlin, Jacksonville, Fla., for plaintiff-appellant.

John E. Lawlor, III, Lizabeth McKibben, U.S. Atty's Office, Washington, D.C., for defendant-appellee.

---

Before GODBOLD, Chief Judge, HATCHETT, Circuit Judge, and TUTTLE, Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this Federal Tort Claims Act lawsuit, we affirm the district court's ruling that section 375.251, Florida Statutes, bars the action.

The Ocala National Forest is a federally-owned preserve in North Florida maintained by the United States Forest Service, a Division of the United States Department of Agriculture. It is a forest, aids in control of water flow conditions, and supplies timber. As a secondary purpose, it provides recreational land and water areas. It consists of several distinct areas. Portions of the park are developed for public use and are supervised by United States Forest Service employees. Fees are charged in these areas. Most of the park is undeveloped and in these undeveloped areas, no user fees are charged and no commercial activity takes place. The Lake George District, which is the area giving rise to this lawsuit, is undeveloped. No charge is made for entry into the Lake George area, no commercial activity occurs in the area, and the appellant did not pay a fee to enter the area.

On July 7, 1980, William Russell Kleer, the appellant, suffered a fractured neck as a result of diving off the Florida State Route 19 bridge which crosses Juniper Creek in the Juniper Springs area of the Lake George District of the Ocala National Forest. The accident rendered Kleer a quadraplegic. The nearest developed recreation area is approximately seven miles from the site of Kleer's dive. State highway 19 is owned and maintained by the state of Florida.

Kleer filed this lawsuit alleging that the United States had a duty to warn him and other members of the public of the dangers of diving from the bridge, and alleging that

the failure to warn was the proximate cause of his injuries. The United States moved to dismiss the action on the ground that Fla.Stat. 375.251 barred the action. On the eve of trial, the district court entered an order involuntarily dismissing Kleer's suit, pursuant to Fed.R.Civ.P. 41(b).*

Kleer contends that Fla.Stat. 375.251 provides no protection to the United States under the facts of this case. Kleer contends that section 375.251(2)(b) specifically provides that the owner or lessee of property is not entitled to the protection of the statute if there is any charge made or usually made for entering or using the park area, *or any part thereof.* Since it is uncontroverted that a charge is made for entry to a part of the Ocala National Forest, although not the part where this accident occurred, the language of the statute provides no protection to the government. Kleer bolsters this argument by also contending that since the statute is in derogation of the common law, it must be strictly construed. Therefore, says Kleer, the plain reading of the statute renders the United States accountable for his injuries under the Federal Tort Claims Act.

The United States contends that the action is barred by the Florida statute. It urges that since it charged no fee and it conducted no commercial activity *in the area of the park where Kleer's accident occurred,* it is shielded from liability by the statute. The United States also contends that Kleer's interpretation of the statute would defeat the statute's purposes.

## DISCUSSION

Under the Federal Tort Claims Act, the United States is liable for damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. §§ 1346(b), 2674; *McCorkle v.*

---

* Alternatively, the district court stated that since no issue of material fact existed, it would also be disposed to enter summary judgment pursuant to Fed.R.Civ.P. 56. Additionally, the district court stated its view that the duty owed by the United States to the plaintiff in this action, if any, was the limited obligation or duty to avoid willful and wanton harm to him.

*United States*, 737 F.2d 957, 959 (11th Cir. 1984).

Florida law limits the liability of persons who make available to the public without charge certain areas for recreational purposes. Section 375.251 provides:

(1) The purpose of this act is to encourage persons to make available to the public land, water areas and park areas for outdoor recreational purposes by limiting their liability to persons going thereon and to third persons who may be damaged by the acts or omissions of persons going thereon.

(2)(a) An owner or lessee who provides the public with a park area for outdoor recreational purposes owes no duty of care to keep that park area safe for entry or use by others, or to give warning to persons entering or going on that park area of any hazardous conditions, structures, or activities thereon. An owner or lessee who provides the public with a park area for outdoor recreational purposes shall not by providing that park area:

1. Be presumed to extend any assurance that such park area is safe for any purpose,

2. Incur any duty of care toward a person who goes on that park area, or

3. Become liable or responsible for any injury to persons or property caused by the act or omission of a person who goes on that park area.

(b) This section shall not apply if there is any charge made or usually made for entering or using such park area, or any part thereof, or if any commercial or other activity for profit is conducted on such park area, or any part thereof.

. . . .

5. The term "outdoor recreational purposes" as used in this act shall include, but not necessarily be limited to, hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, motorcycling, and visiting historical, archaeological, scenic or scientific sites.

The single issue presented is whether the statute bars this action where a part of the park area is used for commercial purposes and another part, where the injury occurred, is not used for commercial purposes. Our resolution of the issue turns upon the construction of section 375.251 in *Abdin v. Fischer*, 374 So.2d 1379 (Fla. 1979), and *Sea Fresh Frozen Products, Inc. v. Abdin*, 411 So.2d 218 (Fla.Dist.Ct. App.1982).

### A. *The Abdin Decisions*

The injury in *Abdin* occurred when the plaintiff slipped and fell on the defendant's boat ramp. In addition to the boat ramp, which was open to the public without cost, the defendant maintained a retail and a wholesale business on three separate parcels of land. Relying upon section 375.251, the state trial court entered summary judgment for the defendant.

On appeal, the Supreme Court of Florida held that the applicability of section 375.-251(2)(b), which "expressly affords no protection to owners and lessees who conduct commercial activity on the 'park area,'" is a question of fact. *Abdin v. Fischer*, 374 So.2d 1379, 1381 (Fla.1979). It remanded the action for a determination of whether "commercial activity was taking place on property which defendants allege is a 'park area.'" *Abdin*, 374 So.2d at 1381.

On appeal after remand, the Fifth District Court of Appeals concluded that the defendant was "legally entitled" to invoke the protection of section 375.251 because "the evidence *at trial* was legally insufficient to prove the [defendant] liable for [the] plaintiff's injury." *Sea Fresh Frozen Products, Inc. v. Abdin*, 411 So.2d 218, 220 (Fla.Dist.Ct.App.1982) (emphasis in original). In other words, no commercial activity was conducted within the distinct "park area" where the boat ramp was located. The fact that commercial activity was conducted in other areas of the defendant's property did not preclude the defendant from invoking the protection of section 375.251.

 

### B. *Statutory Construction*

 The *Abdin* rule is consistent with the purpose of section 375.251. As an elementary principle of statutory construction, we must accord the unambiguous language of the statute its "plain meaning." *Rickard v. Auto Publisher, Inc.*, 735 F.2d 450, 454–55 (11th Cir.1984). The clear intent of section 375.251 is, by its terms, to encourage private landowners to make their land available to the public for outdoor recreational purposes. Fla.Stat.Ann. § 375.251(1).

 The statute seeks to effectuate its purpose by limiting the liability of those landowners who make their land available to the public without charge. Kleer argues that the intent of the exception found at subsection (2)(b) is to deny the statute's protection to landowners who either charge a fee for use of, or conduct commercial activity on, *any part* of their land. Kleer overlooks two important points. First, the phrase "park area" denotes something less than the entire parcel of land. Second, under Kleer's construction of subsection (2)(b), a landowner could invoke the protection of the statute only if his entire parcel of land was dedicated to the public, without compensation. Clearly, this construction of the statute would not encourage landowners to make their land available to the public.

Kleer's analysis of the statute is contrary both to the "plain meaning" of the language of the statute and to the express purpose of the statute. The *Abdin* rule, on the other hand, gives effect both to the express purpose of the statute, as stated in subsection (1), and to the explicit limitation of the statute, as stated in subsection (2)(b). *See In re Hall*, 752 F.2d 582, 586 (11th Cir.1985).

We leave to the courts of Florida further fine tuning of the construction of its statute. Following Florida precedent, we hold that the statute bars suits for injuries sustained in areas of parks where no fee is charged and no commercial activity takes place.

AFFIRMED.