**Lee M. GOODMAN, et al., Plaintiffs,**

v.

**JUNIPER SPRINGS CANOE RENTALS & RECREATION, INC., etc., et al., Defendants.**

**No. 96–197–CIV–J–20A.**

United States District Court, M.D. Florida, Jacksonville Division.

July 29, 1997.

history and prior claims so they need not be discussed here under a materiality analysis.

Thomas Fitzpatrick Slater, Gary C. Pajcic, Pajcic & Pajcic, P.A., Jacksonville, FL, for Plaintiffs.

Ellis T. Fernandez, III, Christine R. Haddad, Inman & Fernandez, P.A., Ralph Lee, U.S. Attorney's Office, Jacksonville, FL, Alan D. Grosbeck, Office of General Counsel, U.S. Dept. of Agriculture, Washington, DC, for Defendants.

## ORDER

SCHLESINGER, District Judge.

The United States Motion and Memorandum to Dismiss or, in the Alternative, for Summary Judgment (Doc. No. 49, filed May 30, 1997) and Defendant, Juniper Springs', Amended and Supplemented Motion and Memorandum of Law for Summary Final Judgment (Doc. No. 58, filed June 10, 1997) are before the Court. Plaintiffs Lee M. Goodman and Mollie Goodman (the Goodmans) filed responses in opposition to the motions on June 16, 1997 (Doc. No. 63 and 64, respectively).

Plaintiff Lee M. Goodman brought this negligence action against the United States under the Federal Tort Claims Act (FTCA) and against Juniper Springs Canoe Rentals & Recreation, Inc. (Juniper Springs Canoe) for injuries suffered when on June 22, 1994, he allegedly slipped and fell on a bulkhead constructed by the United States at an area of the Lake George District of the Ocala National Forest known as a Juniper Springs Wayside, located about seven miles downstream from Juniper Springs. Plaintiff and his wife had rented a canoe from Juniper Springs Canoe. Plaintiff apparently slipped

and fell while removing his rented canoe from the water. His wife also filed a claim for loss of consortium against both Defendants.

It is undisputed that the United States owns the Juniper Springs Wayside area and that it has issued a permit for Juniper Springs Canoe to operate a recreation services enterprise providing canoe rental facilities and services located at the Juniper Springs site seven miles upstream from Juniper Springs Wayside. As part of its enterprise, Juniper Springs Canoe also provides for canoe and patron retrieval at Juniper Springs Wayside. It is also undisputed that Juniper Springs Canoe charged Plaintiffs $2.25 for entering the Juniper Springs Recreation Area and parking their car on the day of the injury and $24.25 for the rental of a canoe, the latter fee which included retrieval of the Goodmans at the Juniper Springs Wayside area. The United States receives 10% of the revenue generated by Juniper Springs Canoe concession as a permit fee.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.,* 929 F.2d 604 (11th Cir. 1991). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–54. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. *Id.* When a moving party has discharged its burden, the nonmoving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts

showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553.

The United States has moved for summary judgment stating that Florida's recreational use statute, Section 375.251(2), bars Plaintiffs' claims. Under the FTCA, the United States is liable for damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The parties do not dispute that the United States, treated as a private person, may avail itself of the limitations of liability provided by Florida's recreational use statute. Plaintiffs correctly contend that the government is also subject to the exclusion in the statute. In relevant part, section 375.251 provides:

> An owner or lessee who provides the public with a park area or other land for outdoor recreational purposes owes no duty of care to keep that park area or land safe for entry or use by others, or to give warning to persons entering or going on that park area or land of any hazardous conditions, structures, or activities thereon. An owner or lessee who provides the public with a park area or other land for outdoor recreational purposes shall not by providing that park area or land:
>
> 1. Be presumed to extend any assurance that such park area or land is safe for any purposes,
>
> 2. Incur any duty of care toward a person who goes on that park area or land, or
>
> 3. Become liable or responsible for any injury to persons or property caused by the act or omission of a person who goes on that park area or land.

The statute, however, provides an exception to the immunity an owner or lessee may enjoy, providing specifically:

> This section shall not apply *if there is any charge made or usually made for entering or using such park area or land, or any part thereof, or if any commercial or other activity, whereby profit is derived from the patronage of the general public, is con-*

*ducted on such park area or land, or any part thereof.*

§ 375.251(2)(b) (emphasis supplied).

█ The United States contends that because the permit fee charged to Juniper Springs Canoe does not yield any profit nor any other revenue in excess of costs of maintaining the property, that the United States is not engaged in any "commercial activity." However, after reviewing the record in this case, the Court finds that there is a genuine issue of material fact whether the United States was engaged in "commercial or other activity, whereby profit is derived from the patronage of the general public" at Juniper Wayside that precludes granting summary judgment in its favor. *See Abdin v. Fischer,* 374 So.2d 1379, 1381 (Fla.1979). This case is distinguishable from the cases cited by the United States, in which the undisputed facts were clear that the government did not charge a fee or engage in any commercial activity in the area in question. *See Zuk v. United States,* 698 F.Supp. 1577, 1582 (S.D.Fla.1988) (action barred by Fla. Stat. § 375.251; licensing fees charged to boat and seaplane charger operators do not "change the fact that no charge is made for entering or using the park area"); *Kleer v. United States,* 761 F.2d 1492 (11th Cir.1985) (no commercial activity in distinct area where Plaintiff was injured; therefore, action was barred by Florida Recreational Use Statute). For example, in *Boyd v. United States ex. rel. U.S. Army. Corps of Engineers,* 881 F.2d 895, 899 (10th Cir.1989), a widow brought an action under the Federal Tort Claims Act against the Army Corps of Engineers for the death of her husband when he was hit by a motor boat while swimming in a lake under its supervision. The United States argued that it was immune from suit under a state statute, which is virtually identical to the statute at issue in this case.[1] The government in *Boyd* maintained that it received no money from the state to lease the park nor did it operate any commercial activities for profit on the lake. The plaintiff asserted, however, that the Corps of Engineers received a percentage of gross sales from many concessionaires and charged various fees to lake users, and therefore could not invoke the immunity of the statute. The court held:

> [A] development of the facts is necessary to a resolution of this issue. If indeed the [Corps of Engineers] charges lake user fees *or receives some revenue from commercial activities on the areas controlled by the [Corps of Engineers], subsection C clearly applies to knock out the immunity provided by subsection B [of the statute].*

*Id.* at 899 (emphasis supplied). The court of appeals remanded the case to the district court to resolve whether the United States was protected from liability by the state statute. *Id.* On remand, the district court certified the issue to the Oklahoma Supreme Court, which concluded that the statute did not immunize the Corps from liability. *Boyd v. United States ex rel. United States Army Corps of Engineers,* 830 P.2d 577, 579 (Okla. 1992).

The facts of this case are even more compelling than in *Boyd,* because in this case Mr. Goodman was injured while engaging in an activity in which the United States receives a percentage of the revenue. Further development of the case is necessary to determine whether such revenue will preclude the government from asserting section 375.25 as a defense. Accordingly, the United States' Motion and Memorandum to Dismiss or, in the Alternative, for Summary Judgment (Doc. No. 49) is DENIED.

Juniper Springs Canoe moves for summary judgment first contending that it cannot be held liable for Plaintiff's injuries as it did not own or maintain control over the area in which Plaintiff fell. It is undisputed that Juniper Springs Canoe did not participate in the design or construction of the Juniper Wayside canoe take-out improvements where

---

1. Okla. Stat. Ann. tit. 2, § 1301–315, provides in pertinent part:

 B. An owner or lessee who provides the public with a park area for outdoor recreational purposes owes no duty of care to keep that park area safe for entry or use by others, or to give warning to persons entering or going on that park area of any hazardous conditions, structures or activities thereon . . . .

 C. this section shall not apply if there is any charge made or usually made by entering or using such park area, or any part thereof, or if any commercial or other activity for profit is conducted on such park area, or any part thereof.

Mr. Goodman fell. However, Plaintiffs allege that Juniper Springs Canoe is responsible for Goodman's injuries because it owned or alternatively was in the possession of or responsible for the maintenance of Juniper Wayside. Plaintiffs concede that the United States, through the Forest Service, retained significant control of the operation and maintenance of Juniper Wayside. However, Plaintiffs contend that in Florida the duty to protect third persons from injuries on premises rests not only on legal ownership of the premises but on the rights of possession, custody and control of the premises.

 The record in this case indicates that Juniper Springs Canoe had at least some responsibility for maintaining the area in which Plaintiff fell. Under Florida law, the lessee as well as the leaseholder can be held liable for injuries on the premises. *See City of Pensacola v. Stamm,* 448 So.2d 39 (Fla.App.), *rev. denied,* 456 So.2d 1181 (Fla. 1984).

 Furthermore, the Court rejects Juniper Springs Canoe's argument that it is entitled to immunity under Florida's Recreational Use Statute because it did not charge a fee at Juniper Wayside. It is undisputed that Defendant charged a parking and canoe rental fee to Plaintiffs at the beginning of the canoe trip, and that the pick-up service at Juniper Wayside at the end of the canoe run is part of the total package provided for the rental fee. Therefore, the statute's exception applies, and under its plain language, Juniper Springs Canoe may not take advantage of the immunity afforded by the statute.

 Finally, the Court also rejects Juniper Springs Canoe's contention that the canoe renter card completed by Mollie Goodman precludes recovery of damages. Even assuming the language on the card, "the management assumes no responsibility for accidents or lost articles," was clear and specific enough to withstand scrutiny under Florida law, which is questionable at best, Plaintiff Lee Goodman did not sign any agreement and thus is not bound by any alleged exculpatory language. *See Wenzel v. Boyles Galvanizing Co.,* 920 F.2d 778, 781 (11th Cir.1991) ("Florida law is clear on the requirements for an effective exculpatory clause. Exculpatory clauses are not favored and are effective only if the clause 'clearly state[s] that it releases the party from liability for his own negligence.'") (citation omitted).

Accordingly, for the reasons stated herein, Defendant, Juniper Springs', Amended and Supplemented Motion and Memorandum of Law for Summary Final Judgment (Doc. No. 58) also is **DENIED**.