PER CURIAM.
This is a personal injury case resulting from a 1992 dirt bike accident on South Florida Water Management District’s (the District’s) property. The plaintiff ran into a drainage ditch that ran between a canal and the road, sustaining serious injury. The District appeals the jury award of $4,280,251 in damages. We write to address only the issue of the recreational use immunity statute, and affirm all other grounds without further comment.
The District argues that the trial court should have granted summary judgment based on section 373.1395, Florida Statutes (2001), because the application of the statute is a question of law. We agree *217 that the application of the statute is a question of law; however; any findings of fact needed to determine whether the land triggers the statute should be made by the jury-
Referred to as the recreational use immunity statute, section 373.1395 generally protects water districts from liability for injuries occurring on land where the District “provides the public with a park area or other land for outdoor recreational purposes, or allows access over district lands for recreational purposes.” See § 373.1395, Fla. Stat. (1991).
The interpretation of the water district recreational use immunity statute presents an issue of first impression. However, for guidance we look to cases interpreting the comparable recreational use immunity statute protecting private landowners. See § 375.251, Fla. Stat. (1991). These cases show that the determination of the facts that may trigger the statute are for the jury.
In Abdin v. Fischer, the Supreme Court reversed summary judgment based on section 375.251, ruling that questions of fact remained before the statute could be applied. 374 So.2d 1379 (Fla.1979). The issue was whether a boat ramp on land leased by Sea Fresh fell under property protected by the private owners’ recreational use statute. However, the statute protects only landowners who are not using the land for commercial use. The supreme court reversed on that basis, holding that a jury could reasonably infer that the commercial activity was taking place on the property. See id. at 1381.
The first district also reversed a summary judgment for a private landowner which was based on section 375.251 in Arias v. State Farm Fire & Casualty Co., 426 So.2d 1136 (Fla. 1st DCA 1983). A boat collided with a diving dock in the lake in front of Williams’ property, injuring a person on the dock. The trial court granted summary judgment based on the recreational use immunity statute protecting private landowners. The first district ruled that there were two questions of fact regarding whether Williams had the right to exclude people from the lake and whether he opened the dock for use of the public at large or a restricted class of persons. See id. at 1138-40.
Following the logic in these two cases, we examined whether there were any disputed facts to be determined. The normal standard is, “A directed verdict is proper when the evidence and all inferences therefrom, considered in the light most favorable to the non-moving party, support the movant’s case as a matter of law and there is no evidence to rebut it.” State Farm Mut. Auto. Ins. Co. v. Orr, 660 So.2d 1061, 1062 (Fla. 4th DCA 1995).
In the present case, testimony conflicted regarding whether the District made the land available to the public or allowed access over the land for recreational use. District employees testified that all District land is open to the public unless otherwise posted. The Plaintiff brought in a photograph of a no trespassing sign further west on the same canal that he testified was there prior to his accident. The District countered with testimony that the sign did not apply to the portion of the canal where the accident occurred; furthermore, the sign was not there in 1992.
We conclude that the conflicting testimony raised a question of fact for the jury’s determination and thus, the trial court did not err in denying the District’s motion for summary judgment.
AFFIRMED.
GUNTHER, STONE and FARMER, JJ., concur.