KAHN, J.,
dissenting.
The NICA plan is a substitute for common law rights and liabilities, and accordingly should be strictly construed. See Fla. Birth-Related Neurological Comp. Ass’n. v. Fla. Div. of Admin. Hearings, 686 So.2d 1349, 1354 (Fla.1997). Statutes that “are designed to supersede or modify rights provided by common law must be strictly construed, and will not be interpreted so as to displace the common law further than is expressly declared.” Arias v. State Farm Fire & Cas. Co., 426 So.2d 1136, 1138 (Fla. 1st DCA 1983).
In Nagy v. Florida Birth-Related Neurological Injury Compensation Ass’n, 813 So.2d 155, 159 (Fla. 4th DCA 2002), the court approved an argument narrowing the application of NICA as “in keeping with the requirement that statutes which are in derogation of the common law be strictly construed and narrowly applied.” Nagy, as well as Florida Birth-Related Neurological Injury Compensation Ass’n v. Florida Division of Administrative Hearings, provides that a court interpreting this statute should be guided by the *72 plain language adopted by the Legislature. Nagy, 813 So.2d at 159-60. Accordingly, I would look closely at the express language adopted by the Legislature.
As the majority has noted, the statute provides:
If the claimant has demonstrated, to the satisfaction of the administrative judge, that the infant has sustained a brain or spinal cord injury caused by oxygen deprivation or mechanical injury and that the infant was thereby rendered permanently and substantially mentally and physically impaired, a rebuttable presumption shall arise that the injury is a birth-related neurological injury....
§ 766.309(l)(a), Fla. Stat. It seems completely clear that the purpose of the presumption provided by 766.309(l)(a) is to aid a claimant in proving the prerequisite elements to a NICA claim. Notably, the statute provides a “rebuttable presumption.” Here, the Bennetts never invoked the presumption and, accordingly, that presumption, enacted for the benefit of claimants, never reached fruition. Stated otherwise, the precondition, “If the claimant has demonstrated ..did not arise. The presumption, adopted to aid claimants, should not be invoked to obliterate the Bennetts’ position in this case that NICA does not apply to Tristan’s injuries. I conclude that this statutory presumption may not be applied against a party for whom the presumption may have been intended, but who has affirmatively elected to reject the benefits of the presumption.
Moreover, it seems to me that this statutory presumption is important to the overall scheme of NICA, particularly taking into consideration that NICA deprives claimants of the common law remedy of a tort action. It would certainly be reasonable to conclude that the Legislature had this in mind when it provided the presumption which certainly makes it easier for claimants to prove they are entitled to coverage under NICA, as opposed to having to shoulder the burden of proof they would encounter in a civil tort proceeding. Having lost their right to sue for damages, claimants have received from the Legislature an evidentiary presumption serving only to ease the potential difficulty of demonstrating recovery under the act, an act that does not include proof of negligence as a prerequisite for recovery.
For these reasons, I would affirm the order of the administrative law judge. I therefore respectfully dissent.