ANSTEAD, Judge.
This is an appeal by Comwel Development Corporation from a final declaratory judgment declaring Comwel to have no rights under payment and performance bonds issued by a compensated surety, ap-pellee Fidelity and Deposit Company of Maryland, by virtue of an assignment made of those rights to the appellee City of Deer-field Beach; and a corrected final declaratory judgment dismissing Comwel’s claim against the surety under the bonds.
*717 Appellant Comwel is the owner and developer of Natura, a planned unit development (P.U.D.) in Deerfield Beach. On May 29, 1974, Comwel entered into an amended contract with Midwestern Sewer Contractors, Inc., for the construction and installation of water, sewer, and drainage systems for Natura Phase II. In compliance with the owner-contractor agreement, Midwestern secured payment and performance bonds from Fidelity which listed Comwel as the sole beneficiary. The payment bond obligated Fidelity to promptly pay subcontractors, materialmen or suppliers claiming nonpayment by Midwestern. The performance bond obligated Fidelity to either promptly remedy Midwestern’s defaults or promptly complete the contract with Com-wel in accordance with its terms or conditions or bid out the work left uncompleted to a third party.
The Deerfield Beach ordinance, in addition to requiring the developer to complete certain specified improvements within the P.U.D., required the developer to post a bond in favor of the city equal to 110% of the estimated construction cost of the required improvements.
To avoid the expense of additional payment and performance bonds in favor of the city, as under the city ordinance, the appellant-owner and developer, Comwel, assigned its interests in the existing payment and performance bonds it had with appel-lee, Fidelity, to the city to the extent of the bond requirements imposed by the city.
Comwel’s assignment to the city provided:
WHEREAS, COMWEL wishes development of the sewer, water and drainage systems on Natura P.U.D., Phase II in the City of Deerfield Beach; and WHEREAS, the CITY OF DEERFIELD BEACH has by ordinance -required that all contractors have a performance and payment bond for the development of sewer, water and drainage which lie inside any City right of ways and easements; and
WHEREAS, COMWEL presently has bonds running in its favor for payment and performance from Fidelity and Deposit Company of Maryland as surety, with Midwestern Sewer Contractors, Inc. as principal, and wishes to .give an assignment of its rights under these bonds to the City rather than obtaining new bonds;
NOW, THEREFORE, in consideration of the City not requiring new bonding by COMWEL, COMWEL does hereby assign all of its rights in and to a payment bond with Fidelity and Deposit Company of Maryland as surety and Midwestern Sewer Contractors, Inc. as principal dated June 7, 1974, a copy of which is attached hereto, together with an assignment of all right, title and interest in and to a performance bond wherein Fidelity and Deposit Company of Maryland is surety and Midwestern Sewer Contractors is principal dated June 7, 1974. Said assignment shall operate in the event of a default on behalf of Midwestern wherein performance and payment are due under said bonds by Fidelity and COMWEL, in the event of such a default or upon notice by the CITY of any default, shall notify Fidelity that it has assigned its rights under said bonds to the CITY and that the CITY shall have the right to enforce compliance under the terms and conditions of said bond. In the event that said surety will not accept the CITY as additional insured under said bond, then COMWEL agrees to obtain payment or performance directly from Fidelity and if necessary to remit the proceeds of any payment or performance unto the CITY. This assignment shall be operative only as to those portions of Natura P.U.D., Phase II which comes under the jurisdiction of Deerfield Beach and over which the CITY requires, pursuant to present ordinances, a performance and payment bond.
Subsequently, Comwel sued Fidelity, among others, on the payment and performance bonds, claiming that the contractor, Midwestern, had defaulted on the project. The city, also sued by Comwel, counterclaimed and sought a declaratory decree as *718 to its rights under the assignment. Fidelity then stipulated that it would accept the city as an additional insured under the bonds. The trial court thereafter entered a final declaratory judgment holding that Com-wel’s rights under the bonds with Fidelity were completely extinguished by the assignment to the city. We reverse.
The ordinance under which the bond is required states:
The amount of the bond shall be in an amount equal to one-hundred ten per cent (110%) of the estimated cost of the construction of the improvements required by Section 4D.10(a), said estimate to be made by the City Engineer.
At trial the undisputed evidence was that the city engineer had determined that only the utility system up to the lateral lines running to the individual units would be subject to the bonding requirements. In this respect a memorandum from the city engineering department stated:
In accordance with the aforementioned paragraph of the ordinance [Section 413.05(b)] it is my interpretation that the entire utility system complete through the 6 inch water lines and fire hydrants and complete through every manhole in the development shall be deemed to be public and easements shall be rendered for all of the water, sewer, paving and drainage which is dedicated to the city either by easement or in dedicated right-of-way. Therefore, it is the intent of the engineering department to require such dedication for water and sewer systems and that they shall be bonded as prescribed by the ordinance under Section 4B.10 entitled STANDARDS IN GRITE-RIA FOR IMPROVEMENTS, paragraph (b) entitled “Bond”. In this section, a bond in the amount of 110% of the estimated cost of the construction of the improvements required by Section 4B.10(a) shall be posted covering all of the utilities to be dedicated as described above.
This determination by the engineering department as to the extent of the project required to be bonded was subsequently reiterated in a letter from the engineering department to Comwel.
Unless the provisions of a contract are clearly in conflict, the contract should be construed so as to give effect to all of its provisions and, unless clearly provided to the contrary, the contract should not be interpreted so as to render its operation inequitable as to either party. James v. Gulf Life Ins. Co., 66 So.2d 62 (Fla.1953). Here, there is no reason why all the terms of the assignment, including those provisions limiting the assignment to those portions of the project for which the city requires a bond, could not be given effect. Under such a construction, all of the parties, including Fidelity, will be liable or benefited for no more or less than the agreements provide. Fidelity’s liability, if any, remains the same, whether the liability runs to Comwel or the city, or both.
We agree with the trial court that the assignment, as between Comwel and the city, was a valid assignment of Comwel’s rights in the bonds to the extent of any damage suffered by the city which the bonds protect. However, we believe the trial court erred in concluding that the assignment extinguished all rights of Comwel in the bonds. Indeed, the assignment was made without the concurrence of Fidelity and the bonds themselves contained a prohibition against assignment. Comwel promised, however, to enforce the bond for the benefit of the city to the extent of the city’s interest in the protection provided by the bonds. The assignment could hardly be absolute if it was necessary for Comwel to enforce the bonds for the city’s benefit. Rather, we believe that Comwel retained its rights under the bonds subject to the rights of the city to recover any damages suffered by the city.
In accordance with the determination of the city engineer, supra, the city’s interests to be covered by the bonds included the entire system exclusive of the laterals. Since Fidelity stipulated at trial that it would accept the city as an additional insured, both the city and Comwel have the right to prosecute claims against Fidelity to *719 the extent of their respective interests. The existence or validity of such claims is not at issue herein.
Accordingly, the judgment of the trial court is reversed with directions for further proceedings consistent herewith.
DOWNEY, C. J., and SCHWARTZ, ALAN R., Associate Judge, concur.