572 So.2d 517 (1990)
LAWYERS TITLE INSURANCE COMPANY, Appellant,
v.
SYNERGISM ONE CORP., Etc., et al., Appellees.
Nos. 88-2347, 89-0501.
District Court of Appeal of Florida, Fourth District.
September 19, 1990.
Rehearing Denied January 30, 1991.
Thomas E. Kingcade, P.A., and Larry Klein of Klein, Beranek & Walsh, West Palm Beach, for appellant.
Margaret L. Cooper and John S. Trimper of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellees.
GARRETT, Judge.
This is a consolidated appeal of the trial court's final judgments for damages and attorney's fees.
Appellant issued a title insurance policy when appellee purchased undeveloped land for the construction of a planned community. Paragraph 7 of the policy reads:

*518 No claim shall arise or be maintainable under this policy (a) if [appellant], after having received notice of an alleged defect, lien or encumbrance insured against hereunder, by litigation or otherwise, removes such, lien or encumbrance or establishes the title, as insured, within a reasonable time after receipt of such notice; (b) in the event of litigation until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title, as insured, as provided in paragraph 3 hereof... .
The survey relied upon by appellant failed to reveal that an abutting landowner farmed a portion of the land. The appellee and the farmer got into a dispute. Appellee sued to eject the farmer and won the case. However, the farmer appealed. Appellant settled the dispute by paying the farmer for a quit claim deed. Appellee then sued appellant for the damages caused by construction delays. The trial judge held that the two years and nine months appellant took to clear title was an unreasonable time and awarded appellees consequential and lost profits damages.
Appellee contends, as the trial judge found, that sections (a) and (b) should be read together and such an interpretation would give rise to a claim if appellant did not clear title within a reasonable time. Appellant argues that only section (b) applies since there was litigation to quiet title.
We agree with appellant and hold that only paragraph 7(b) applies to the facts of this case. A title policy indemnifies rather than guarantees the state of the insured title. The policy does not guarantee that litigation will not occur, but, in fact, assumes the opposite, that many types of title defect litigation can occur. The insured's claim must await an adverse title determination by a court. "The claim only lies once a court speaks, and not before, and not if the court's judgment is favorable." D. Burke, Law on Title Insurance (1986 & 1988 Supp.), section 9.4.3., titled Staying the Claim for Pending Litigation.
We reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WALDEN and GUNTHER, JJ., concur.