590 So.2d 989 (1991)
COCOA PROPERTIES, INC., Appellant,
v.
COMMONWEALTH LAND TITLE INSURANCE COMPANY, Appellee.
No. 90-03197.
District Court of Appeal of Florida, Second District.
December 4, 1991.
Hala Mary Ayoub of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellant.
*990 Robert W. Boos and M. Elizabeth Wall of Honigman, Miller, Schwartz and Cohn, Tampa, for appellee.
SCHOONOVER, Chief Judge.
The appellant, Cocoa Properties, Inc. (Cocoa Properties), challenges a final summary judgment entered in favor of the appellee, Commonwealth Land Title Insurance Company (Commonwealth). We reverse.
This litigation arose out of a title insurance policy that Commonwealth issued to Cocoa Properties. The title insurance policy insured a parcel of land owned by Cocoa Properties against loss or damage by reason of, among other things, any defect in or the unmarketability of the title of the property.
After the issuance of the policy, Cocoa Properties entered into a contract to sell the property. Prior to completing the sale, Cocoa Properties was served with a summons and complaint seeking to foreclose a mortgage on the property. The mortgage had not been listed as an exception on the policy.
Pursuant to the terms of the policy, Commonwealth accepted the defense of the mortgage foreclosure action. Cocoa Properties was not able to close on the original contract for sale, which would have provided them with a profit, and sold the property at a loss. Pursuant to a settlement agreement, Barnett Bank of Tampa obtained a final judgment in the foreclosure action, and a subsidiary of Commonwealth purchased an assignment of that final judgment. Cocoa Properties thereafter received clear title to the property, and the foreclosure action was voluntarily dismissed.
Cocoa Properties then filed the instant action against Commonwealth alleging in count I of its amended complaint that Commonwealth breached the parties' contract and in count II that it was entitled to civil remedies pursuant to section 624.155, Florida Statutes (1987). Commonwealth answered the complaint and moved for a summary judgment. Commonwealth's affidavit in support of its motion for summary judgment stated that it had defended Cocoa Properties in the foreclosure action, that Cocoa Properties had not cooperated with Commonwealth, and that Cocoa Properties had received clear title to the property. In opposition to the motion for summary judgment, Cocoa Properties filed an affidavit executed by its president. The affidavit stated that the property was unmarketable from late June 1987 until late August 1989. The affidavit further alleged that Commonwealth acted in bad faith by failing to offer to insure the property for the purchasers under the contract that did not close and by failing to take timely steps to remove the lis pendens. At the conclusion of the proceedings on the motion for summary judgment, the court found the mortgage foreclosure action had been dismissed and all liens or lis pendens on the subject property as a result of that action had been released or dissolved. The trial court entered summary judgment for Commonwealth, and this timely appeal followed.
A motion for summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). The burden is on the movant to demonstrate conclusively that the nonmoving party cannot prevail. Gomes v. Stevens, 548 So.2d 1163 (Fla.2d DCA 1989); Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla.2d DCA 1979). If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Gomes; Snyder. In this case, Commonwealth did not carry this heavy burden and summary judgment was, therefore, improper.
The insurance policy in question provides the following limitations of liability in paragraph 7:
No claim shall arise or be maintainable under this policy (a) if the Company, after having received notice of an alleged *991 defect, lien or encumbrance insured against hereunder, by litigation or otherwise, removes such defect, lien or encumbrance or establishes the title, as insured, within a reasonable time after receipt of such notice; (b) in the event of litigation until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title, as insured, as provided in paragraph 3 hereof; or (c) for liability voluntarily assumed by an insured in setting any claim or suit without prior written consent of the Company.
Commonwealth contends that since litigation was involved and Cocoa Properties received clear title to the property prior to a final determination adverse to title, Cocoa Properties has no claim. Commonwealth relies on paragraph 7(b) of the insurance policy to support its position.
Cocoa Properties, on the other hand, contends that paragraph 7(a) of the policy controls this matter and that since a genuine issue of material fact exists, i.e., whether clear title was received in a reasonable time, summary judgment was improper. We agree with Cocoa Properties.
The provisions of the insurance contract are not in conflict and we must give effect to both paragraph 7(a) and 7(b). Comwel Dev. Corp. v. City of Deerfield Beach, 382 So.2d 716 (Fla. 4th DCA 1980).
If Commonwealth had pursued the mortgage foreclosure action to a conclusion, and the final determination had established title in Cocoa Properties, we would agree that paragraph 7(b) of the policy would control, and we would affirm the trial court's ruling. Paragraph 7(b) provides that a claim does not arise or is not maintainable until there is a final judicial determination adverse to the title. Under this paragraph of the policy, "The claim only lies once a court speaks, and not before, and not if the court's judgment is favorable." Lawyers Title Ins. Co. v. Synergism One Corp., 572 So.2d 517, 518 (Fla. 4th DCA 1990), rev. denied, 583 So.2d 1037 (Fla. 1991), quoting D. Burke Law On Title Insurance § 9.4.3 (1986 & 1988 Supp.).
However, Commonwealth did not receive a favorable ruling in the foreclosure action and, accordingly, did not perfect title through litigation. Commonwealth gambled on litigation and, after losing in the trial court, finally cleared the title through a purchase. Because the foreclosure action in the trial court was voluntarily dismissed, there was no final determination, either adverse or favorable, concerning the title. The trial court, therefore, erred in holding that paragraph 7(b) of the policy prevented recovery in this matter. See Nebo, Inc. v. Transamerica Title Ins. Co., 21 Cal. App.3d 222, 98 Cal. Rptr. 237 (Cal. Dist.Ct.App. 1971).
Under paragraph 7(a) of the policy, Cocoa Properties has a claim if Commonwealth did not remove the title defect, by litigation or otherwise, within a reasonable length of time after receiving notice of the defect. Since the question of reasonable time is a question of fact which depends upon the situation of the parties, the nature of the transaction, and the facts of the particular case, see Nebo, a material issue of fact remains in this matter. Thus, the trial court erred in entering a summary judgment.
We, accordingly, reverse and remand for proceedings consistent herewith.
Reversed and remanded.
CAMPBELL and THREADGILL, JJ., concur.